RECEIVED
IN ALEXANDRIA, LA

FEB - 1 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| PERCY GARRETT<br>LA. DOC. #133126 | DOCKET NO. 09-CV-1029; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WINN CORRECTIONAL CENTER | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff, Percy Garrett, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 18, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), and he is incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Plaintiff amended his complaint on December 21, 2009 and added individual defendants. [Doc. #10] He seeks compensatory damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the reasons stated below, Plaintiff's complaint should be dismissed with prejudice.

### Factual Background

Plaintiff's original complaint and several amended complaints listed Winn Correctional as the only defendant and asked that the court "make them pay for what they did to me why [sic] I was ther

[sic]." [Doc. #1, p.4] Plaintiff initially alleged that Captain Knight made a "racial statement" to him and that Nurse Foster had Captain Knight take Plaintiff's identification card or medical pass from him. [Doc. #6, p.1] Plaintiff alleged that he has a medical pass to allow him to use the bathroom whenever necessary, but that Officer Hunter and another unnamed officer did not grant him permission to use the bathroom. [Doc. #7, p.1] Plaintiff claimed that Officer Hunter does not like him because he refuses to masturbate in front of her, and she "try to write [Plaintiff] up all the time." [Doc. #7, p.1]

Plaintiff was ordered to amend his complaint to state who, when, and how each individual defendant violated his constitutional rights. In his amended complaint [Doc. #10], Plaintiff named as defendants: Officer Hunter, Officer Knight, Officer Hay, Officer Fowler, and Officer Bazar. He claimed that on an unspecified date, Officer Hunter denied his request to use the bathroom during class in the education building. Plaintiff then asked Lt. Bazar for the bathroom key in the law library, but she said no because it was "count time." [Doc. #10, p.1] Plaintiff informed Hunter and Bazar that he has a pass giving him permission to use the bathroom whenever he needs to. Plaintiff was instructed to return to his classroom. While waiting for the inmate count to be completed, which took approximately forty minutes, Plaintiff urinated in his clothes. [Doc. #10, p.1]

Another inmate informed the instructor, Coach Fowler, that

Plaintiff had urinated on himself and the floor. Fowler had Bazar call Lt. Braxton and told Plaintiff to sit on a chair in the hall. When the count was completed, Braxton escorted Plaintiff back to his housing unit, where Plaintiff showered and changed clothes.

### Law and Analysis

Plaintiff was ordered to state the name of each person who allegedly violated his constitutional rights, what each defendant did to violate his constitutional rights, the place and date each event occurred, and a description of the alleged injury suffered as a result of the alleged violation. Plaintiff failed to provide any dates, allege any constitutional violations, or allege any injury.

Eighth Amendment claims have both an objective and a subjective component, requiring a prisoner to allege a deprivation that is sufficiently serious to implicate constitutional concerns and that the defendant prison official acted with deliberate indifference. "Deliberate indifference" in this context means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. Thompson v. Upshur County, Texas, 245 F.3d at 458-59. Plaintiff has not alleged deliberate indifference on the part of the defendants, nor has he shown a substantial risk of serious harm.

Additionally, under 42 U.S.C. §1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or

other correctional facility, ***for mental or emotional injury suffered while in custody without a prior showing of physical injury.***" (Emphasis added) The physical injury required by Section 1997e(e) "must be more than de minimis, but need not be significant." <u>Harper v. Showers</u>, 174 F.3d 716, 719 (5th Cir.1999) (quoting <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir.1997)). Plaintiff was given the opportunity to amend his complaint to describe what, if any, injury he suffered. Plaintiff failed to allege any physical injury.[1]

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within**

---

[1] Plaintiff recently submitted a letter in the record complaining that the guards have "made up" a new rule that inmates cannot bring coffee into the small yard, while the rule book says they can bring coffee into the yard. A prison official's failure to follow the prison's own policies does not, itself, result in a constitutional violation. See <u>Richardson v. Thornton</u>, 299 Fed.Appx. 461, 462-63 (5th Cir. 2008) ("The failure of the prison to follow its own policies ... is not sufficient to make out a civil rights claim."); <u>Sandoval v. Fox</u>, 135 Fed.Appx. 691, 691-92 (5th Cir. 2005)("The mere failure to comply with prison rules and regulations does not, without more, give rise to a constitutional violation.").

fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 1st day of _____, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE